UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| BARBARA STUART ROBINSON, | ) | CASE NO. C10-0112-MAT |
| Plaintiff/Counter Defendant, | ) | |
| | ) | |
| v. | ) | ORDER GRANTING DEFENDANT'S |
| | ) | MOTION FOR SUMMARY |
| GREEN RIVER COMMUNITY COLLEGE, | ) | JUDGMENT AND ADDRESSING |
| | ) | OTHER PENDING MOTIONS |
| Defendant/Counter Claimant. | ) | |
| | ) | |

## INTRODUCTION

Plaintiff proceeds *pro se* and *in forma pauperis* (IFP) in this civil suit against defendant Green River Community College.  Plaintiff raises a variety of claims against defendant, including discrimination, retaliation, harassment, and breach of quasi contract.  (Dkt. 5.) Defendant denies plaintiff's allegations, raises a number of affirmative defenses, and raises a counterclaim asserting that this action is without reasonable cause, frivolous, and without factual or legal foundation.  (Dkt. 26.)

There are currently several motions pending in this matter, including plaintiff's motion

01 for summary judgment (Dkt. 37), defendant's cross motion for summary judgment (Dkt. 56),

02 defendant's motion for relief under Rule 11 of the Federal Rules of Civil Procedure (Dkt. 38),

03 and defendant's motion for continuance of pretrial deadlines (Dkt. 75).   Having considered the

04 pending motions, along with the remainder of the record, the Court finds that plaintiff's claims

05 should be dismissed on summary judgment.[1]   The Court further finds that defendant's motion

06 for a continuance should be stricken as moot and its motion for Rule 11 sanctions should be

07 denied.

08                                          <u>BACKGROUND</u>

09        Plaintiff is, by her description, mentally ill, suffering from bipolar/manic depressive

10 disorder and "[i]rate behavior."   (Dkt. 5 at 2-3; Dkt. 65 at 2.)   Plaintiff, then a student at Green

11 River Community College (hereinafter "College"), was involved in a disruptive incident on

12 campus on January 6, 2010.   (Dkt. 54-2 at 4; Dkt. 56 at 29-30, ¶¶3-4 and at 38, ¶4(a).)

13 Campus security responded to the scene and observed plaintiff to be in an emotionally escalated

14 state.   (Dkt. 56 at 30, ¶4; *see also* Dkt. 65, ¶¶6, 9.)   The Auburn Police Department ultimately

15 removed plaintiff from campus.   (Dkt. 56 at 30-31, ¶4; Dkt. 54-2 at 4.)

16        The College held a "Conduct Hearing" with plaintiff on the day following the incident

17 to consider the allegation that she had violated its Student Conduct Code standard WAC

18 132J-125-125, Interference/Intimidation.   (Dkt. 56 at 33-34, ¶¶3-4 and at 37.)   As a result of

19 that hearing, the College placed plaintiff on disciplinary suspension, for one academic quarter,

20 ─────────────
1 Plaintiff voluntarily dismissed claims brought against the United States Equal Employment
Opportunity Commission (EEOC) (*see* Dkt.52), the only other defendant named in her complaint.

21 Plaintiff also discusses, in her motion for summary judgment, incidents and issues relating to Tacoma
Community College (TCC).   (Dkt. 37.)   However, TCC is not a party to this action and any incidents

22 or issues relating to TCC are not relevant to the current case.   This Order, therefore, does not address
any issues or claims relating to either the EEOC or TCC.

ORDER GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND ADDRESSING OTHER
PENDING MOTIONS
PAGE -2

01  due to violation of its Student Conduct Code.   (Dkt. 56 at 25, ¶3 and at 37.)

02      By letter dated January 7, 2010, the College provided written documentation of the

03  suspension and advised plaintiff of her right to appeal.   (*Id*. at 37.)   (*See also* Dkt. 54-2

04  (January 15, 2010 letter again advising plaintiff as to appeals process).)   The letter reflects that

05  plaintiff informed the College during the Conduct Hearing that she had a disability.   (Dkt. 56 at

06  38.)   The letter advised plaintiff that she could, at any time, provide the College with written

07  medical documentation or information about her disability so that it could "coordinate

08  academic accommodations[.]"   (*Id*.)[2]

09                          DISCUSSION

10  A.     Motions for Summary Judgment

11      Summary judgment is appropriate when "the pleadings, depositions, answers to

12  interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

13  genuine issue as to any material fact and that the moving party is entitled to a judgment as a

14  matter of law."   Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

15  Genuine issues of material fact that preclude summary judgment are "disputes over facts that

16  might affect the outcome of the suit under the governing law[.]"   *Anderson v. Liberty Lobby,*

17  *Inc.*, 477 U.S. 242, 248 (1986).   The moving party is entitled to judgment as a matter of law

18  when the nonmoving party fails to make a sufficient showing on an essential element of his case

19  with respect to which he has the burden of proof.   *Celotex*, 477 U.S. at 322-23.

20      In deciding a summary judgment motion, the court must view all facts and inferences

21

22  2 The parties submitted other facts in support of their arguments.   The Court includes herein only those
    facts pertinent to the resolution of the claims as discussed in this Order.

ORDER GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND ADDRESSING OTHER
PENDING MOTIONS
PAGE -3

01  therefrom in the light most favorable to the nonmoving party.   *See Warren v. City of Carlsbad*,

02  58 F.3d 439, 441 (9th Cir. 1995).   "[A] party opposing a properly supported motion for

03  summary judgment may not rest upon mere allegation or denials of his pleading, but must set

04  forth specific facts showing that there is a genuine issue for trial[,]" *Anderson*, 477 U.S. at 256

05  (citing Fed. R. Civ. P. 56(e)), and must present significant and probative evidence to support its

06  claim or defense, *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir.

07  1991).   The non-moving party fails to meet its burden if "'the record taken as a whole could

08  not lead a rational trier of fact to find for the non-moving party.'" *Id.* (quoting *Matsushita Elec.*

09  *Industrial Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).

10          Plaintiff alleges defendant discriminated against her in violation of Title II of the

11  Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, and § 504 of the Rehabilitation Act

12  (RA), 29 U.S.C. § 794(a).   (Dkt. 5.)    She alleges retaliation in violation of various state laws,

13  Federal Sector Equal Employment Opportunity processing regulations, 29 C.F.R. Part 1614,

14  and the Federal Privacy Act, 5 U.S.C. § 552a.   (*Id.*)   Plaintiff also alleges unlawful harassment

15  under state law and breach of quasi contract.   (*Id.*)    Additionally, although she does not assert

16  such a claim in her complaint, plaintiff alleges, in her motion for summary judgment, a

17  violation of her due process rights.   (*See* Dkt. 37.)   For the reasons described below, the Court

18  finds defendant entitled to dismissal of plaintiff's claims on summary judgment and, therefore,

19  no basis for granting plaintiff the relief requested in her motion for summary judgment.

20          1.     Disability Discrimination:

21          Title II of the ADA prohibits discrimination on the basis of disability by public entities,

22  while § 504 of the RA prohibits disability discrimination in federally-funded programs.   *Lovell*

ORDER GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND ADDRESSING OTHER
PENDING MOTIONS
PAGE -4

01 | *v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).   Title II of the ADA specifically provides

02 | that "no qualified individual with a disability shall, by reason of such disability, be excluded

03 | from participation in or be denied the benefits of the services, programs, or activities of a public

04 | entity, or be subjected to discrimination by any such entity."   42 U.S.C. § 12132.   Similarly,

05 | the RA provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by

06 | reason of her or his disability, be excluded from the participation in, be denied the benefits of,

07 | or be subjected to discrimination under any program or activity receiving Federal financial

08 | assistance[.]"   29 U.S.C. § 794(a).

09 | To establish a prima facie case of a Title II ADA violation, plaintiff must show that (1)

10 | she is a qualified individual with a disability; (2) she was excluded from participation in or

11 | otherwise discriminated against with regard to the College's services, programs, or activities;

12 | and (3) the exclusion or discrimination was by reason of her disability.   *Lovell*, 303 F.3d at

13 | 1052 (citing *Weinreich v. Los Angeles County Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir.

14 | 1997)).   An RA violation requires a showing that plaintiff (1) is handicapped within the

15 | meaning of the RA; (2) is otherwise qualified for the benefits or services sought; (3) was denied

16 | the benefits or services solely by reason of her handicap; and that (4) the College receives

17 | federal financial assistance.   *Id.*

18 | While defendant does not stipulate that plaintiff has a qualifying disability under either

19 | the ADA or the RA, or that it knew of the alleged disability at the time of plaintiff's suspension,

20 | it takes the assertion as to plaintiff's disability as true for purposes of summary judgment.

21 | Defendant argues that, in any event, plaintiff fails to show a causal link between her suspension

22 | from the College and her alleged disability.   The Court agrees with defendant.

01       Plaintiff repeatedly asserts that her suspension resulted from discrimination based on

02 her mental illness.  However, nowhere in the many different documents filed by plaintiff in

03 this matter does she point to or provide any evidence to support this contention.

04       In contrast, defendant provides declarations and documentation supporting its

05 contention that plaintiff was suspended due to her conduct on January 6, 2010, not due to any

06 disability.  (*See, e.g.*, Dkt. 56 at 35 (declaration of Lesley Hogan, VP, Human Resources of the

07 College, stating that plaintiff was placed on disciplinary suspension for violating the College's

08 student conduct code); *id*. at 29-31 (declaration of Fred Creek, Director of Campus Safety at the

09 College, describing the January 6, 2010 incident in detail, including his personal observations

10 of plaintiff's escalated emotional state and interactions with another student and staff,

11 plaintiff's failure to cooperate with requests that she leave campus, and his call to the police

12 department to escort plaintiff off campus); and *id*. at 33-34, 37-38 (declaration of Timothy

13 Malroy, Assistant Director of Student Services at the College, describing the conduct hearing

14 he held on January 7, 2010 and asserting that the decision to suspend plaintiff resulted from her

15 behaviors on January 6, 2010, not her alleged disability; attaching letter describing hearing and

16 one quarter suspension).)  Documentation provided by defendant also demonstrates the

17 College's willingness to coordinate academic accommodations based on disability if plaintiff

18 chose to re-enroll in the college following the one quarter suspension.  (*Id*. at 38; Dkt. 59, ¶ 6.)

19       While plaintiff denies that she ever intimidated any student or person at the College, or

20 that she posed any danger to such individuals or the College as a whole, she does not refute the

21 basic facts that she was involved in an incident in which campus security was called, in which

22 she was observed to be in an emotionally escalated state, and that ultimately required the

01  assistance of the police department in order to effectuate her removal from campus.   Nor does

02  she provide any evidence, let alone significant and probative evidence, to support her assertion

03  of discrimination.   *See generally Intel Corp.*, 952 F.2d at 1558.   Instead, plaintiff's allegation

04  of a discriminatory animus is wholly conclusory and, therefore, insufficient to survive dismissal

05  of her ADA and RA claims on summary judgment.

06          2.      <u>Due Process and State Law Claims</u>:

07          Plaintiff asserts, in her motion for summary judgment, that the College violated her

08  right to due process.   (Dkt. 37 at 1.)   She also alleges, in her complaint, violations of various

09  state laws and a breach of contract claim.   However, none of these claims may proceed against

10  defendant.

11          Defendant argues that plaintiff's claims should be dismissed because the State is not a

12  person for purposes of a claim under 42 U.S.C. § 1983.   *Will v. Michigan Dep't of State Police*,

13  491 U.S. 58, 71 (1989).   The Court construes this argument as asserting defendant's immunity

14  pursuant to the Eleventh Amendment.   *See Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d

15  836, 839 (9th Cir. 1997) ("Claims under § 1983 are limited by the scope of the Eleventh

16  Amendment."; citing *Will*, 491 U.S. at 70, as holding "that 'States or governmental entities that

17  are considered "arms of the State" for Eleventh Amendment purposes' are not 'persons' under §

18  1983.")   *See also generally California Franchise Tax Bd. v. Jackson*, 184 F.3d 1046, 1048 (9th

19  Cir. 1999) (Eleventh Amendment immunity "can be raised by a party at any time during

20  judicial proceedings or by the court sua sponte.") (cited cases omitted).

21          "The Eleventh Amendment prohibits federal courts from hearing suits brought against

22  an unconsenting state."   *Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053

ORDER GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND ADDRESSING OTHER
PENDING MOTIONS
PAGE -7

01  (9th Cir. 1991) (cited sources omitted).   This jurisdictional bar extends to state agencies and

02  departments, and applies whether legal or equitable relief is sought.   *Id.* (citing *Pennhurst State*

03  *Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)).   *See also Cerrato v. San Francisco*

04  *Comty. Coll. Dist*., 26 F.3d 968, 972 (9th Cir. 1994) (the Eleventh Amendment bars a federal

05  court from hearing claims against "dependent instrumentalities of the state.") (citing *Pennhurst*

06  *State Sch. & Hosp.*, 465 U.S. 89).

07          The College is a community college district created by state statute.   RCW 28B.50.040.

08  As a state college, the College is an arm of the state and entitled to Eleventh Amendment

09  immunity.   *See Lawrence Livermore Nat'l Lab*, 131 F.3d at 839 (concluding University of

10  California is a "state agency" for purposes of sovereign immunity analysis); *Cerrato*, 26 F.3d at

11  972 (holding that community college districts are "dependent instrumentalities" of California);

12  *Goodisman v. Lytle*, 724 F.2d 818, 820 (9th Cir. 1984) (implying that the University of

13  Washington was immune as an "arm of the state"); and *Centralia College Educ. Assn. v. Bd. of*

14  *Trs. of Cmty. Coll. Dist. No. 12*, 82 Wn.2d 128, 130-35, 508 P.2d 1357 (1973) (holding that

15  Washington State community college districts are state agencies).   *See also Green v. Shoreline*

16  *Comty. Coll.*, No. C06-465P, 2006 U.S. Dist. LEXIS 92490 at *37-38 (W.D. Wash. Dec. 21,

17  2006) (finding Shoreline Community College an arm of the state and entitled to Eleventh

18  Amendment immunity and dismissing breach of contract and constructive discharge claims);

19  *Arshad v. Columbia Basin Coll.*, No. CV-05-5019-LRS, 2006 U.S. Dist. LEXIS 33922 at *3-5

20  (E.D. Wash. May 25, 2006) (finding Columbia Basin College, a community college, immune

21

22

ORDER GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND ADDRESSING OTHER
PENDING MOTIONS
PAGE -8

01   under the Eleventh Amendment as a state agency from §§ 1981 and 1983 damage claims).[3]

02   The Eleventh Amendment, therefore, bars any due process claim brought here by

03   plaintiff. *See Will*, 491 U.S. at 66 and *Quern v. Jordan*, 440 U.S. 332, 339-45 (1979).   It

04   likewise bars plaintiff's claims asserting violations of state law, *Pennhurst State Sch. & Hosp.*,

05   465 U.S. at 124-25; *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973-74 (9th Cir. 2004),

06   including those sounding in contract, *see, e.g.*, *Lawrence Livermore Nat'l Lab*, 131 F.3d at 839

07   (finding breach of contract claim would be barred by sovereign immunity); *Green*, 2006 U.S.

08   Dist. LEXIS 924490 at *38.   *But see Phiffer v. Columbia River Corr. Inst.*, 384 F.3d 791,

09   792-93 (9th Cir. 2004) (State not entitled to Eleventh Amendment immunity under either Title

10   II of the ADA or the RA).   Accordingly, defendant is entitled to dismissal of those claims.[4]

11   3.   Retaliation:

12   Plaintiff also alleges retaliation against her in violation of regulations governing Federal

13   Sector Equal Employment Opportunity, 29 C.F.R. Part 1614, and the Federal Privacy Act, 5

14   U.S.C. § 552a.   (Dkt. 5 at 4.)   It is not clear whether plaintiff intended these claims to lie

15   against defendant.   *See supra* n. 1.   However, even assuming this intention, these claims fail at

16   ─────────────────

17   3 The Ninth Circuit applies a five-factor test to the determination of whether a governmental agency is
18   properly considered an arm of the state.   *See Mitchell*, 861 F.2d at 201 (the factors include "whether a
     money judgment would be satisfied out of state funds, whether the entity performs central governmental
     functions, whether the entity may sue or be sued, whether the entity has the power to take property in its
     own name or only the name of the state, and the corporate status of the entity.")   *See also Holz v.*
19   *Nenana City Pub. Sch. Dist.*, 347 F.3d 1176, 1182 (9th Cir. 2003) (noting that the first factor, whether a
     money judgment would be satisfied out of state funds, is the most important of the five factors).   Given
20   the above-described case law, the Court finds the applicability of Eleventh Amendment immunity clear
     in this case.

21   4 Defendant raises other arguments in relation to these claims, including plaintiff's failure to complete
     the appeals process and the fact that various state statutes identified by plaintiff are either inapplicable
22   given the facts of this case or do not actually exist.   However, because the Court finds the applicability
     of Eleventh Amendment immunity, it does not address the merits, or lack thereof, of these claims.

01   a fundamental level.

02         29 C.F.R. Part 1614 contains regulations governing employment discrimination claims

03   in the federal sector.   Given that plaintiff was not an employee of the College and that the

04   College is not a federal entity, these regulations are clearly inapplicable in this case.   *See* 29

05   C.F.R. § 1614.101.   Likewise, "[t]he Federal Privacy Act does not apply to state agencies."

06   *United States v. Streich*, 560 F.3d 926, 935 (9th Cir. 2009) (citing 5 U.S.C. § 552a(a)(1)), *cert.*

07   *denied* 130 S.Ct. 320.   Moreover, that statute does not relate to discrimination or retaliation; it

08   relates to a federal agency's disclosure of information to the public.   *Id.* at 1372-73.

09   Accordingly, defendant is also entitled to dismissal of these claims on summary judgment.

10   B.    <u>Other Pending Motions</u>

11         As indicated above, defendant also filed a motion for Rule 11 sanctions and a motion for

12   continuance of the pretrial deadlines in this case.   The motion for a continuance of the pretrial

13   deadlines (Dkt. 75) is moot given the conclusion that defendant is entitled to summary

14   judgment dismissing all of plaintiff's claims.   The Court further, for the reasons described

15   below, finds no basis for Rule 11 sanctions.

16         Defendant seeks Rule 11 sanctions in relation to a motion for default judgment filed by

17   plaintiff in March 2010.   Plaintiff sought default judgment based on her perception that

18   defendant had not timely submitted an answer to her complaint.   (*See* Dkt. 19.)   She

19   requested a judgment in the amount of $3,638,764.00.   (*Id.*)

20         By Order dated April 14, 2010, the Court directed defendant to respond to plaintiff's

21   motion for default judgment on or before May 3, 2010.   (Dkt. 35.)   Shortly thereafter, on April

22   20, 2010, plaintiff withdrew her motion, stating:   "State of Washington chose to appear for the

ORDER GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND ADDRESSING OTHER
PENDING MOTIONS
PAGE -10

01   defendant when they did not have to, so a motion for default would be [frivolous][5] to be

02   consider[ed] by this court, so I wish to strike it."   (Dkt. 36.)

03        In arguing for sanctions, defendant points to plaintiff's failure to properly effectuate

04   service in this matter and notes that it advised plaintiff as to the method of proper service prior

05   to the filing of her motion for default.   Defendant also avers that plaintiff filed her motion on

06   March 8, 2010, despite the fact that defendant had already filed its notice of appearance on

07   March 5, 2010 (Dkt. 18).   Defendant asserts that it began working on a response to plaintiff's

08   motion for default well in advance of May 3, 2010 given the large penalty sought by plaintiff

09   and the fact that the motion itself was quite unclear.   It contends that sanctions are warranted

10   given plaintiff's admission that the motion was frivolous, and given that it spent a considerable

11   amount of time and state resources in responding to this frivolous motion.

12        Defendant notes that Rule 11 may be applied to both represented and *pro se* litigants,

13   *see*, *e.g.*, *Maduakolam v. Columbia University*, 866 F.2d 53, 56 (2d Cir. 1989), and asserts that

14   the violation was not expunged by the withdrawal of the motion, *see Cooter & Gell v. Hartmarx*

15   *Corp.*, 496 U.S. 384, 395 (1990) (holding that a court has the authority to impose Rule 11

16   sanctions "regardless of the [voluntary] dismissal of the underlying action.")   It seeks

17   reimbursement for four hours of work at a rate of $175.00 per hour.

18        The Court may impose Rule 11 sanctions if, *inter alia*, a paper filed with the Court is

19   frivolous.   Fed. R. Civ. P. 11(b)(2), (c); *G.C. and K.B. Investments, Inc. v. Wilson*, 326 F.3d

20   1096, 1109 (9th Cir. 2003).   A frivolous filing is one that is "both baseless and made without a

21

22   5 As stated by defendant, it is apparent that plaintiff intended to use the term "frivolous" in stating that her motion was "frizzless" (Dkt. 36).

01    reasonable and competent inquiry." *Townsend v. Holman Consulting Corp*., 929 F.2d 1358,

02    1362 (9th Cir. 1991).   The Court applies an objective standard in assessing allegedly frivolous

03    filings.  *G.C. and K.B. Investments, Inc*., 326 F.3d at 1109 (citing *Townsend*, 929 F.2d at

04    1362).   "'[T]he subjective intent of the . . . movant to file a meritorious document is of no

05    moment. The standard is reasonableness.'"  *Id*. (quoting *Zaldivar v. City of Los Angeles*, 780

06    F.2d 823, 830 (9th Cir. 1986)).  Also, "[a]lthough Rule 11 applies to *pro se* plaintiffs, the court

07    must take into account a plaintiff's *pro se* status when it determines whether the filing was

08    reasonable."  *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (also noting that a

09    plaintiff proceeding IFP "is not protected from the taxation of costs to which a prevailing

10    defendant is entitled.")  *See also Maduakolam* 866 F.2d at 56 ("While it is true that Rule 11

11    applies both to represented and *pro se* litigants, the court may consider the special

12    circumstances of litigants who are untutored in the law.") (citing advisory committee's notes to

13    Rule 11).

14         As previously found by the Court, plaintiff did not properly serve defendant in this

15    matter.  (Dkt. 64.)[6]  Defendant correctly notes that it advised plaintiff as to proper service

16    prior to the filing of the motion for default judgment.  (*See id*. at 3.)  This fact supports the

17    contention that plaintiff filed the motion for default without making a reasonable inquiry.

18    However, other facts argue against the imposition of sanctions.

19         Contrary to defendant's contention, both plaintiff's motion for default and defendant's

20    notice of appearance were docketed in this matter on March 5, 2010.  (Dkts. 18-19.)   Upon

21    _____

22    6 The Court issued an order directing service by a United States Marshall, but later struck the order after
      defendant indicated its willingness to proceed as though service of process had occurred.  (Dkts. 67, 70
      & 72.)

ORDER GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND ADDRESSING OTHER
PENDING MOTIONS
PAGE -12

01  realizing that defendant had filed a notice of appearance, plaintiff – proceeding *pro se*, IFP, and

02  with asserted serious mental impairments – promptly withdrew her motion.  (Dkt. 36.)   She

03  withdrew the motion despite the fact that, months later, she continued to misunderstand the

04  rules of service and believed that defendant had been properly served.   (*See* Dkt. 64 at 5; Dkt.

05  65.)   Taking all of these factors into consideration, the Court does not find an award of

06  sanctions under Rule 11 appropriate in this case.

07                                                CONCLUSION

08           For the reasons described above, plaintiff's motion for summary judgment (Dkt. 37) is

09  DENIED, defendant's motion for summary judgment (Dkt 56) is GRANTED, and this matter is

10  DISMISSED with prejudice.  Defendant's motion for continuance of pretrial deadlines (Dkt.

11  75) is STRICKEN as moot and defendant's motion for Rule 11 sanctions (Dkt. 38) is DENIED.

12  The Clerk is directed to send a copy of this Order to the parties.

13           DATED this 7th day of October, 2010.

14

15                                                                    _____

16                                                                    Mary Alice Theiler
                                                                        United States Magistrate Judge

17

18

19

20

21

22

ORDER GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND ADDRESSING OTHER
PENDING MOTIONS
PAGE -13